IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACKSON PHILLIP MOSLEY, <br> 301 M. STREET, S.W., #1004 <br> WASHINGTON, D.C. 20024 <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, <br> 100 NORTH TRYON STREET <br> CHARLOTTE, NC 28255 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.  1:20-CV-3065 <br><br> Removed from the Superior Court <br> of the District of Columbia – Civil <br> Division – Civil Actions Branch |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Bank of America, N.A., ("BANA"), by and through counsel, hereby files this Notice of Removal (the "Notice") seeking to remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is based upon federal question jurisdiction because a federal question appears in the Complaint filed by Plaintiff Jackson Phillip Mosley ("Plaintiff"). In support of this Notice, BANA states as follows:

**I.  Background.**

1. This case was filed by Plaintiff in the Superior Court of the District Columbia – Civil Division – Civil Actions Branch on September 25, 2020, Civil Action No. 2020-CA-004127-B. (the "Complaint" or "Compl."). Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon BANA are attached as **Exhibit A**.

2. In the Complaint, while not specifically titling or listing his individual claims, Plaintiff makes allegations involving the following causes of actions: (1) negligence (2) libel/slander; and (3) violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. (Compl. ¶ 2).

**II. This Notice of Removal is Timely Filed in the Proper Venue.**

3. Removal of this Action is timely because this Notice of Removal is filed less than 30 days from October 2, 2020, the date upon which BANA was served with a copy of the summons and Complaint. *See* 28 U.S.C. § 1446(b)(1) (provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."). This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes of action.

4. The United States District Court for the District of Columbia, is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. 28 U.S.C. § 90(b)(2).

**III. This Court Has Federal Question Jurisdiction.**

5. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent in Plaintiff's Complaint, it presents a substantial question of Federal law by alleging BANA's purported violations of the Fair Credit Report Act, 15 U.S.C. § 1681 *et seq*. (Compl. ¶ 2).

6. Plaintiff's Complaint clearly asserts a claim under the FCRA, the federal statute

that governs credit reporting generally, including the credit reporting of an individual's bank account(s), a creditor's duties if a dispute is made to the credit reporting agencies, and related identity theft or fraud. *See* 15 U.S.C. § 1681 *et seq.* Plaintiff's Complaint contains these very allegations. (*See* Compl. ¶ 2).

7. Further, well-established precedent requires this Court to look beyond the words of Plaintiff's Complaint to see what is really being pled. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.' If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." (internal citation omitted)).

8. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal question appears in Plaintiff's Complaint, and his claim(s) "arise under" federal law.

9. The Supreme Court has held that federal courts have jurisdiction to hear, originally or by removal from state court, cases where federal law creates the cause of action being alleged or when a claimant's right to relief depends on the resolution of a substantial question of federal law. *See Franchise Tax Board v. Constr. Laborers Vacation Trust,* 436 U.S. 1, 9 (1982) (explaining that "a case '[arises] under' federal law where the vindication of a right

under state law necessarily turns on some construction of federal law").

10. Further, to the extent the Complaint alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2010); *Rosmer v. Pfizer Inc.,* 263 F.3d 110, 114 (4th Cir. 2001).

11. Thus, because some or all of Plaintiff's claim(s) arise under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. § 1441(a)-(c). Accordingly, as the state court lawsuit is pending in the Superior Court of the District of Columbia, BANA is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the District of Columbia.

**IV. Notice of Removal Filed in the Superior Court of the District of Columbia.**

11. Concurrently with this Notice, BANA will file a copy of this Notice with the Superior Court of the District of Columbia.

WHEREFORE, Defendant Bank of America, N.A., files this Notice of Removal and remove the civil action to the United States District Court for the District of Columbia.

Date: October 23, 2020

Respectfully submitted,

McGuireWoods LLP

*/s/ Keith J. Minson*
Keith J. Minson (D.C. Bar # 1616929)
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102-4215
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
kminson@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, I filed the foregoing with the Clerk of Court using the Court's CM/ECF Filing system. I further certify that a true copy of the following is being served via electronic and First Class Mail upon the following:

Jackson Phillip Mosley
(Pro Se)
301 M. Street, S.W., #1004
Washington, D.C. 20024
jacksonphillipmosley@gmail.com

                                               */s/ Keith J. Minson*
                                               Keith J. Minson (D.C. Bar # 1616929)