UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACKSON PHILLIP MOSLEY,

    Plaintiff

v.

BANK OF AMERICA, N.A.,

    Defendant

Civil Action No. 20-3065 (CKK)

**MEMORANDUM OPINION & ORDER**
(September 17, 2021)

Plaintiff Jackson Phillip Mosely, proceeding *pro se*, brings this action against Defendant Bank of America, N.A., alleging violations of the Fair Credit Reporting Act ("FCRA"). Generally speaking, Plaintiff alleges that Defendant has failed to correct its reporting of a credit account that Plaintiff contends was fraudulently opened using his name. Presently before the Court is Defendant's [5] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Upon review of the pleadings, [1] the relevant legal authority, and the record as a whole, for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss, but shall allow Plaintiff to amend his Complaint by **no later than October 22, 2021**, as he has requested. If Plaintiff fails to file an amended complaint by that date, this case shall be dismissed based on the Court's present ruling on the Motion to Dismiss.

---

[1] The Court's consideration has focused on the following materials:
- Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 5;
- Def.'s Mem. in Support of Mot. to Dismiss ("Def.'s Mem."), ECF No. 6;
- Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 8; and
- Def.'s Reply in Support of Mot. to Dismiss ("Def.'s Reply"), ECF No. 9.

1

## I. BACKGROUND

For the purposes of the pending motion to dismiss, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). Further, because Plaintiff proceeds in this matter *pro se*, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's response to Defendant's Motion to Dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss."(quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("[T]he Court, as it must in a case brought by a pro se plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss.").

Plaintiff alleges that in February 2019 he discovered that a credit card account had been opened with Defendant using Plaintiff's name and personal information. Compl. at 2:15-17, ECF No. 1-1. Although he previously held a corporate credit card with and made a loan application to Defendant, Plaintiff claims that he did not open this credit account. *Id.* at 2:17-18. Plaintiff reported the purported identity theft to the Federal Trade Commission and the District of Columbia Metropolitan Police Department, and "fil[ed] identity theft disputes with the major credit bureaus." *Id.* at 2:18-20.

Plaintiff claims that "allegedly an investigation was performed by Defendant" and Defendant determined that Plaintiff was responsible for the account, but "would not provide any detailed findings to prove Defendant's determination." *Id.* at 2:20:22. Plaintiff claims that he requested the results of Defendant's investigation, which Defendant declined to provide. *Id.* at

2:25-27. In addition, Plaintiff claims that he "contacted all the major credit bureaus and was informed that no detailed information was provided by Defendant proving the results of [Defendant's] investigation." *Id.* at 2:23-24. He alleges that he again disputed Defendant's account reporting with the bureaus, resulting in another determination that Plaintiff had opened the disputed account. *Id.* 2:24-25. Plaintiff requested "proof from the findings of [Defendant's] investigation" and "was denied access; presumably because the proof did not exist." *Id.* at 2:25-27. Plaintiff alleges that Defendant's "negligence" in "the initial verification of Plaintiff's identify, in maintaining detailed records, and in investigations into the matter" have led to "false information being published on Plaintiff's credit report" and led to him "being perceived as untrustworthy and unreliable, both as a borrower of credit and as a potential employee." *Id.* at 2:27-29. Plaintiff claims that he was denied a "Public Trust Clearance" and a license as a "Mortgage Loan Officer" due to this information on his credit report. *Id.* at 2:30-31.

Despite contending that he did not open this credit account with Defendant, Plaintiff indicates that he paid off the balance of the account in August 2020. *Id.* at 2:34-35. Defendant continues to report the account to major credit agencies with a status of "Paid charge-off account" with a $0 balance. *Id.* at 2:35-36.

Plaintiff seeks an order directing Defendant to "[n]otify and delete errant information on the reports maintained by all major credit bureaus[.]" *Id.* at 3:49-50. He explicitly notes that he does not seek money damages. *Id.* at 3:47-48.

Plaintiff filed his Complaint against Defendant in District of Columbia Superior Court on September 24, 2020. After being served with the Summons and Complaint on October 2, 2020, Defendant timely removed the action to federal court on October 23, 2020. Notice of Removal ¶ 3, ECF No. 1. Defendant contends that Plaintiff's Complaint asserts a claim under the Fair Credit

Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Defendant subsequently moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Mot. Thereafter, because Plaintiff is proceeding *pro se*, the Court notified that him that his failure to respond to Defendant's motion might result in dismissal of the case. *See* Order at 1, ECF No. 7 (citing *Fox v. Strickland*, 837 F/2d 507, 509 (D.C. Cir. 1988)). Plaintiff filed his response to Defendant's motion on November 30, 2020 and Defendant filed its reply on December 9, 2020. Accordingly, the motion is now ripe for the Court's consideration.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] complaint [does not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Nevertheless, 'even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.'" *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 130 (D.D.C. 2013) (quoting *Atherton v. Dist. of Columbia Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)).

### III. DISCUSSION

Plaintiff's Complaint does not explicitly raise a claim under the Fair Credit Reporting Act ("FCRA"). However, the Court must "construe *pro se* filings liberally." *Betz v. Jefferson Cap. Sys., LLC*, 68 F. Supp. 3d 130, 35 (D.D.C. 2014). It is clear from Plaintiff's complaint that he claims that Defendant has inaccurately reported the credit account at issue to consumer reporting agencies ("CRAs"). This claim falls under the FCRA, which prohibits "any person from furnishing information to a CRA that the person knows is inaccurate" and imposes certain duties on "furnishers of information" if a consumer disputes the accuracy of information. *Himmelstein v. Comcast of the Dist., LLC*, 931 F. Supp. 2d 48, 52 (D.D.C. 2013). In his Opposition, Plaintiff agrees that his Complaint alleges "multiple violations of the Fair Credit Reporting Act." Pl.'s Opp'n at 1. Accordingly, the Court shall proceed by assessing Plaintiff's claims under the FCRA.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). As pertinent to Plaintiff's claims, section 1681s-2 of the FCRA imposes two sets of obligations on so-called "furnishers of information"—those who, like Defendant, furnish credit information to consumer reporting agencies ("CRA"). Subsection (a) requires "furnishers of information" to provide accurate information to consumer reporting agencies and to correct and update that information. 15 U.S.C. § 1681s-2(a)(1)–(2). Subsection (a) is "enforced exclusively" by certain federal and state agencies. § 1681s-2(d). There is no private right of action under this subsection, meaning an individual cannot sue to enforce that provision. *Betz*, 68 F. Supp. 3d at 134–35; *Mazza v. Verizon Wash. DC, Inc.,* 852 F. Supp. 2d 28, 34 (D.D.C. 2012). Plaintiff, therefore, cannot bring a claim for a violation of § 1681s-2(a). *See Ihebereme v. Capital One, N.A.*, 933 F. Supp. 2d 86, 111 (D.D.C. 2013). To the extent Plaintiff intends to assert a claim under

section 1681s-2(a), the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** that claim **with prejudice**.

Section 1681s-2(b), which governs what furnishers of information must do upon notice of a dispute by a consumer, is "the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3d 142, 149 (4th Cir. 2008)); *see also Mazza*, 852 F.2d at 34 (collecting cases). "If a consumer notifies a CRA that he disputes the accuracy of an item in his file, [the] FCRA requires the CRA to notify the furnisher of the dispute." *Himmelstein*, 931 F. Supp. 2d at 52. Once notified by a CRA, a furnisher must conduct an investigation with respect to the disputed information, report the results of the investigation to the CRA, and, if the investigation finds that the information is incomplete or inaccurate, it must report those results to all other consumer reporting agencies. *See* § 1681s-2(b)(1). Although "[n]othing in the language of the FCRA indicates the level of investigation required under § 1681s-2(b)(1)," courts consistently have held that furnishers have an obligation "to conduct a reasonable investigation of their records to determine whether the disputed information can be verified." *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 510 (D. Md. 2004); *see also, e.g., Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016) (holding that "reasonableness" is an appropriate touchstone for evaluating investigations under § 1681s-2(b)); *Bruce v. First USA Bank, N.A.*, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000) (adopting reasonableness standard for investigations under § 1681s–2(b)); *Betz*, 68 F. Supp. 3d at 135 (same). "It is only when the furnisher fails to undertake a reasonable investigation following

such notice that it may become liable to a private litigant under § 1681s-2(b)." *SimmsParris*, 652 F.3d at 359.  At least one other circuit has indicated that "[a]s a general rule, whether an investigation is "reasonable" under the FCRA is a question of fact for the jury." *Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001).

To make out a § 1681s-2(b) claim against a furnisher, a plaintiff must establish that: (1) he notified a CRA of a dispute related to his credit information; (2) the CRA then notified the furnisher of the information about the dispute; and (3) the furnisher failed to fulfill the obligations enumerated in § 1681s-2(b)(1).  *See Mazza,* 852 F. Supp. 2d at 35.  Defendant does not appear to dispute that Plaintiff's Complaint satisfies the first two elements.

With respect to the third element, another court in this jurisdiction—confronting a substantially similar Complaint by the same Plaintiff—recently concluded that Plaintiff's factual allegations survived a Rule 12(b)(6) motion to dismiss, even in the absence of a response to the motion from Plaintiff.[2]  *See* Mem. Op. & Order, ECF No. 5, *Jackson Phillip Mosley v. Synchrony Financial*, Case No. 20-cv-3392 (APM) (D.D.C. May 10, 2021).  That court cited some of the same factual allegations Plaintiff raises here in support of its conclusion that Plaintiff had stated a claim for relief under section § 1681s-2(b).  *See id.* at 6 (Plaintiff was denied access to proof of furnisher's investigation "presumably because the proof did not exist"); *id.* (referencing furnisher's failure to perform a "detailed investigation[] into the matter").

---

[2] The Court observes that Plaintiff has filed a number of other lawsuits containing similar—or, in most cases, virtually identical—allegations as those alleged in the present case against various other defendants. *See, e.g.*, Compl., *Mosley v. Synchrony Financial*, 20-cv-3392-APM (D.D.C. 2020), ECF No. 1; Compl., *Mosley v. Navy Federal Credit Union*, 20-cv-3092-ABJ (D.D.C. 2020), ECF No. 1-1; Compl., *Mosely v. VW Credit, Inc*, 20-cv-3039-CKK (D.D.C. 2020), ECF No. 1-1; Compl., *Mosley v. USAA Fed. Savings Bank*, 20-cv-3209-DLF (D.D.C. 2020), ECF No. 1-1.

Similarly, construing Plaintiff's Complaint in this case liberally—as the Court is obligated to do—Plaintiff alleges that he notified the CRAs of the disputed account, that the CRAs in turn notified Defendant, and that Defendant failed to conduct a reasonable investigation into Plaintiff's claim. These allegations and the reasonable inferences drawn therefrom, are supported with sufficient factual matter, taken as true, to state a claim for relief under § 1681-2(b) that is plausible on its face.

Defendant's principal argument in support of its Rule 12(b)(6) motion is that Plaintiff has failed to show that its reporting is inaccurate: "if a furnisher's reporting is accurate, then its investigation cannot be unreasonable as a matter of law." Def.'s Mem. at 4. But Defendant's argument requires the Court to determine as a factual matter that its reporting was accurate—a question that is not properly before the Court at this procedural juncture. All of the cases cited by Defendant in support of its argument that dismissal is appropriate when a furnisher accurately reports an account involved more developed factual records than presently exists in this case. *See Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 39-41 (1st Cir. 2010) (considering record before the district court on summary judgment motion—including plaintiff's failure to present evidence to show factual inaccuracies in his credit report—to affirm district court's grant of summary judgment to furnisher); *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 909 (8th Cir. 2011) (considering records produced by furnisher in affirming district's court's decision to grant summary judgment and dismiss FCRA claim); *Alcala v. Popular Auto, Inc.*, 828 F. Supp. 2d 437, 440-41 (D.P.R. 2011) (concluding on motion for summary judgment that plaintiff had failed to produce sufficient evidence demonstrating that furnisher's reporting was inaccurate); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1039 (D. Minn. 2010) (concluding on motion for summary judgment that plaintiff had failed to demonstrate that reporting was inaccurate); *see*

*also Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 57856, at *9 (N.D. Cal. Jan. 3, 2013) (granting for judgment on the pleadings and dismissing Section 1681s-2(b) claim when review of information revealed reporting was accurate). Plaintiff here alleges Defendant's reporting is inaccurate because he did not open the disputed account. Although Defendant disputes that allegation, its resolution turns on disputes of fact that the Court cannot decide on the present motion based on the Complaint alone.

Defendant also argues that Plaintiff's claims should be dismissed as a matter of law because Plaintiff seeks equitable relief, which is not available to private citizens under the FCRA. *See* Def.'s Reply at 2; *see also Brown v. Penn. Higher Educ. Agency*, 2019 WL 2103127, at *2 (D.D.C. May 14, 2019) ("Nothing in the text of the FCRA 'allows private litigants to maintain a claim for injunctive relief,' *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000), and 'courts that have considered [the] issue have overwhelmingly concluded that the FCRA precludes private litigants from seeking equitable relief,' *Owner-Operator Indep. Driver Ass'n, Inc. v. Usis Commercial Servs., Inc.*, 410 F. Supp. 2d 1005, 1007 (D. Colo. 2005)[.]"). Although the Court agrees with Defendant's articulation of the available remedies under the FCRA, it does not find that this requires the Complaint be dismissed as a whole. Rather, the Court shall **GRANT** Defendant's Motion to Dismiss **without prejudice** and shall allow Plaintiff to amend his Complaint **by no later than October 22, 2021** on the narrow issue of the remedy he seeks under § 1681s-2(b) of the FCRA, as he has requested in his Opposition. *See* Pl.'s Opp'n at 2.

## IV.  CONCLUSION & ORDER

For the reasons set forth above, it is this 17th day of September, 2021 hereby

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** to the extent Plaintiff seeks to state a claim for relief under 15 U.S.C. § 1681s-2(a); it is further

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** to the extent Plaintiff seeks equitable relief under the FCRA; it is further

**ORDERED** that Plaintiff shall file an amended Complaint consistent with this Memorandum Opinion and Order by no later than **OCTOBER 22, 2021.**  Plaintiff's failure to do so will result in dismissal of the case.

*The Clerk of Court shall mail a copy of this Memorandum Opinion & Order to Plaintiff's address of record.*

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: September 17, 2021